IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| M S INTERNATIONAL, INC., an Indiana corporation,<br><br>Plaintiff,<br><br>vs.<br><br>EASY SURFACES CORPORATION, a Georgia Domestic Profit Corporation, dba EASY STONES; EASY SURFACES CORPORATION, a Virginia Corporation, dba EASY STONES; EASY STONES CORP., a North Carolina Corporation, dba EASY STONES; and DOES 1 through 10, inclusive,<br><br>Defendants. | Civil Action No.:<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff M S INTERNATIONAL INC. ("MSI" or "Plaintiff"), for its Complaint against defendants EASY SURFACES CORPORATION a Georgia Domestic Profit Corporation ("Easy Surfaces Georgia"), dba EASY STONES, EASY SURFACES CORPORATION a Virginia Corporation ("Easy Surfaces Virginia"), dba EASY STONES, EASY STONES CORP., a North Carolina

-1-

Corporation ("Easy Stones North Carolina"), dba EASY STONES, and DOES 1 through 10, inclusive, (collectively, "Defendants"), alleges as follows:

## NATURE OF THE ACTION / JURISDICTION AND VENUE

1. This is an action involving claims of trademark infringement and unfair competition under the Lanham Act, 15 U.S.C. § 1051, et seq., and trademark infringement, unfair competition, and deceptive trade practices under Georgia law. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1338(a) and (b), and 1367.

2. Venue is proper with this Court pursuant to 28 U.S.C. § 1391(b)(1), as Defendants reside in this judicial district, a substantial part of the events, omissions and acts which are the subject matter of this action occurred within this judicial district, and a substantial part of the property that is the subject of the action is located in this judicial district. Defendants are subject to personal jurisdiction in this district, as they have a regular and established place of business in this district and are offering to sell and selling the infringing products in this district.

## THE PARTIES

3. MSI is an Indiana corporation having a principal place of business located at 2095 N Batavia St., Orange, California. MSI also has a place of business and showroom in this judicial district, located at 7950 Troon Circle, Austell, Georgia 30168.

4. MSI is informed and believes, and thereon alleges, that Easy Surfaces Georgia is a Georgia Domestic Profit Corporation with a regular and established place of business in this judicial district located at 6080 Northbelt Drive, Norcross, Georgia 30071.

5. MSI is informed and believes, and thereon alleges, that Easy Surfaces Virginia is a Virginia Corporation with its principal office located at 1300 W Walnut Hill Ln, Suite 162, Irving, Texas 75038.

6. MSI is informed and believes, and thereon alleges, that Easy Stones North Carolina is a North Carolina Corporation with its principal office located at 1440 Westinghouse Blvd., #A, Charlotte, North Carolina 28273.

7. The true names and capacities, whether individual, corporate, associate or otherwise, of defendants DOES 1 through 10, inclusive, are unknown to MSI, which therefore sues said defendants by such fictitious names. MSI will seek leave of this Court to amend this Complaint to include their proper names and capacities when they have been ascertained. MSI is informed and believes, and based thereon alleges, that each of the fictitiously named defendants participated in and is in some manner responsible for the acts described in this Complaint and the damage resulting therefrom.

8. MSI alleges on information and belief that each of the defendants named herein as DOES 1 through 10, inclusive, performed, participated in, or abetted in some manner, the acts alleged herein, proximately caused the damages alleged hereinbelow, and are liable to MSI for the damages and relief sought herein.

9. MSI alleges on information and belief that, in performing the acts and omissions alleged herein, and at all times relevant hereto, each of the Defendants was the agent and employee of each of the other Defendants and was at all times acting within the course and scope of such agency and employment with the knowledge and approval of each of the other Defendants.

## MSI'S BUSINESS

10. MSI is one of the leading distributors of flooring, countertop, wall tile and hardscaping products in North America. Founded in 1975, MSI started out as a company primarily providing tombstones and monuments (most notably, the black granite for the Vietnam Veterans Memorial in Washington D.C.).

11. By 2008, MSI was among the top importers of natural stone in the world from virtually every major source country including India, Brazil, China, Turkey, Italy, Spain, and Mexico. Over time, the business has continued to grow and MSI has added product lines such as porcelain, mosaics, quartz, and luxury

vinyl tile ("LVT"). MSI has grown geographically as well, with more than forty distribution centers throughout the United States and Canada. In 2021, MSI surpassed $2 billion in annual revenue, and MSI continues to grow. Currently, MSI employs more than 3,000 worldwide and more than 275 people in Georgia.

**MSI'S QUARTZ BUSINESS AND TRADEMARKS RELATING THERETO**

12. One of MSI's most successful product lines is quartz. To distinguish itself and its products from the products of others, MSI has adopted unique and distinctive trademarks for its quartz products. MSI began selling quartz products in 2008, and since that time, has spent enormous amounts of money and effort advertising its quartz products using its unique trademarks, including the trademarks that are the subject of this Complaint. Many of those marks are inherently distinctive, but to the extent any are not inherently distinctive, they have acquired secondary meaning. As a result of MSI's continuous, extensive, and exclusive use of such marks in commerce throughout the United States and MSI's extensive advertising and sales of its quartz products under the marks, customers and those in the trade recognize MSI's quartz trademarks as signifying MSI as the source of such products, and such marks distinguish MSI's quartz products from the products of others.

13. As explained in more detail below, Defendants have used and/or are currently using numerous marks that are identical or confusingly similar to numerous MSI trademarks for the same products, i.e., quartz, in a manner likely to cause consumer confusion. Among those trademarks are the following marks for which MSI owns a United States Trademark Registration.

14. On November 7, 2017, the USPTO issued a registration to MSI for Calacatta Classique® (Reg. No. 5,331,730) in International Class 19 for "Engineered stone for use in residential and commercial furnishings and fixtures; stone slabs and tiles for countertops, vanity tops, sinks, flooring and inside walls; all of the foregoing made in whole or significant part of quartz." A true and correct copy of MSI's Federal trademark registration for Calacatta Classique® is attached hereto as Exhibit A.

15. On August 4, 2020, the USPTO issued a registration to MSI for Calacatta Laza® (Reg. No. 6,116,082) in Class 19 for "[s]labs of natural quartz." A true and correct copy of MSI's Federal trademark registration for Calacatta Laza® is attached hereto as Exhibit B.

16. On September 1, 2020, the USPTO issued a registration to MSI for Calacatta Leon® (Reg. No. 6,139,342) in International Class 19 for "[s]labs of

natural quartz." A true and correct copy of MSI's Federal trademark registration for Calacatta Leon® is attached hereto as Exhibit C.

17. On September 27, 2022, the USPTO issued a registration to MSI for Galant Gray® (Reg. No. 6,858,000) in Class 19 for "[s]labs of natural quartz." A true and correct copy of MSI's Federal trademark registration for Galant Gray® is attached hereto as Exhibit D.

18. On August 4, 2020, the USPTO issued a registration to MSI for New Carrara Marmi® (Reg. No. 6,543,471) in Class 19 for "[s]labs of natural quartz." A true and correct copy of MSI's Federal trademark registration for New Carrara Marmi® is attached hereto as Exhibit E.

19. In addition to the marks for which it has trademark registrations, MSI has several marks that it has used in commerce for several years in connection with the sale of quartz for which it has common law trademark protection. Those marks include Calacatta Verona™, Carrara Marmi™ and Sparkling Black™.

**DEFENDANTS' BUSINESS AND IMPROPER USE OF MSI'S MARKS**

20. On information and belief, Defendants are importers and sellers of stone and tile products, with offices and/or showrooms in Florida, Georgia, North Carolina, South Carolina, Texas, Utah, Virginia, and Washington. Defendants import and sell quartz and other products in direct competition with MSI.

21.     In or around early February, 2021, MSI learned that Defendants were was using several trademarks that were identical or confusingly similar to several of MSI's trademarks, including registered trademarks, in connection with the sale of quartz. In particular, MSI learned that Defendants were was using "Calacatta Lasa," "Carrara Marmo" and "Calacatta Classico," which are confusingly similar MSI's Calacatta Laza®, Carrara Marmi®, New Carrara Marmi® and Calacatta Classique® trademarks. Defendants were also using "Sparkling Black," which is identical to MSI's Sparkling Black™ trademark.

22.     Therefore, on February 3, 2021, counsel for MSI sent a letter to Defendants in which it notified Defendants of the infringement and demanded that Defendants stop using the marks identified above.

23.     In email exchanges with MSI's counsel in February, 2021, Defendants confirmed that they would stop using the marks that were the subject of the February 3, 2021 letter. Based on Defendants' promise, MSI understood that Defendants had stopped using the trademarks that were the subject of the February 3, 2021 letter.

24.     Despite Defendants' knowledge of MSI and MSI's quartz trademarks, and Defendants' promise to stop using the marks above, MSI learned in or around December, 2022 that Defendants were once again using several marks that are

identical or confusingly similar to several MSI trademarks for quartz. In particular, MSI learned that Defendants were using "Calacatta Lago," "Calacatta Verona," "Galant Gray" and Pearl Gray," which are identical to MSI's Calacatta Lago™, Calacatta Verona™, Galant Gray® and Pearl Gray™ trademarks. Defendants were also using "Calacatta Classic," "Calacatta Classico," "Calacatta Lazza," "Calacatta Lasa" and "Calacatta Leona," which are confusingly similar to MSI's Calacatta Classique®, Calacatta Laza® and Calacatta Leon® trademarks.

25. Therefore, on December 5, 2022, counsel for MSI sent another letter to Defendants in which it reminded Defendants of their prior promise to stop using MSI's trademarks and demanded again that Defendants stop using the marks identified above.

26. Given this history—including MSI's prior notification to Defendants and Defendants' broken promise to stop using the marks—there can be no doubt that Defendants' infringement of MSI's trademark rights was and is willful and intentionally designed to confuse consumers and the trade as to source and/or association of the quartz products.

27. Defendants' use of MSI's numerous trademarks is likely to cause confusion in the marketplace and constitutes an intentional effort to trade off the good will of MSI. Defendants' use of MSI's marks constitutes trademark

infringement and unfair competition under the Lanham Act and Georgia law, and deceptive practices under Georgia law.

## FIRST CLAIM FOR RELIEF

### (Trademark Infringement – 15 U.S.C. § 1114)

28. MSI realleges each and every allegation set forth in paragraphs 1 through 27, inclusive, and incorporates them herein by this reference.

29. Defendants' unauthorized use of MSI's trademarks constitutes trademark infringement under the Lanham Act, 15 U.S.C. § 1114. Defendants' use of MSI's trademarks is likely to cause confusion, or to cause mistake, or to deceive. In particular, actual or potential customers and others are likely to be confused as to whether Defendants are affiliated with, connected to, or associated with MSI, or whether MSI sponsors or approves Defendants' goods or services.

30. Defendants' acts have caused and will cause significant damages, including MSI's lost sales and Defendants' wrongful profits in an amount to be determined, and irreparable harm to MSI. Moreover, Defendants' conduct has caused and unless enjoined by this Court will continue to cause significant harm to MSI's reputation and goodwill which MSI has established through years of effort and expense, for which irreparable injury MSI has no adequate remedy at law.

31.     Defendants' conduct has been willful with full knowledge of MSI's trademark rights. Defendants will continue such willful and intentional conduct unless enjoined by this Court.  In light of the willful nature of Defendants' conduct, this is an "exceptional" case under the Lanham Act, which entitles MSI to its attorneys' fees in this action and enhanced damages.

## SECOND CLAIM FOR RELIEF

**(False Designation of Origin and Unfair Competition – 15 U.S.C. § 1125)**

32.     MSI realleges each and every allegation set forth in paragraphs 1 through 27, inclusive, and incorporates them herein by this reference.

33.     Defendants' unauthorized use of MSI's trademarks also constitutes false designation of origin and unfair competition in violation of the Lanham Act section 43(a), 15 U.S.C. § 1125(a). Defendants' use of MSI's trademarks is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association between MSI and Defendants, and as to the origin, sponsorship or approval of Defendants' goods or services. In particular, actual or potential customers and others are likely to be confused as to whether Defendants are affiliated with, connected to, or associated with MSI, or whether MSI sponsors or approves Defendants' goods or services.

34. Defendants' acts have caused and will cause significant damages, including MSI's lost sales and Defendants' wrongful profits in an amount to be determined, and irreparable harm to MSI. Moreover, Defendants' conduct has caused and unless enjoined by this Court will continue to cause significant harm to MSI's reputation and goodwill which MSI has established through years of effort and expense, for which irreparable injury MSI has no adequate remedy at law.

35. Defendants' conduct has been willful with full knowledge of MSI's trademark rights. Defendants will continue such willful and intentional conduct unless enjoined by this Court. In light of the willful nature of Defendants' conduct, this is an "exceptional" case under the Lanham Act, which entitles MSI to its attorneys' fees in this action and enhanced damages.

## THIRD CLAIM FOR RELIEF

**(Common Law Trademark Infringement)**

36. MSI realleges each and every allegation set forth in paragraphs 1 through 27, inclusive, and incorporates them herein by this reference.

37. The foregoing acts and conduct of Defendants constitute trademark infringement under Georgia common law.

38. Defendants' acts have caused damage to MSI, including incidental and general damages, lost profits, and out-of-pocket expenses in an amount to be

determined, and irreparable harm to MSI. Moreover, Defendants' conduct has caused and unless enjoined by this Court will continue to cause significant harm to MSI's reputation and goodwill which MSI has established through years of effort and expense, for which irreparable injury MSI has no adequate remedy at law.

39.  Defendants' conduct was and is willful, with malice, fraud, wantonness, and oppression, and with conscious indifference to the consequences of their actions. As a result, MSI is entitled to punitive damages under Georgia law, O.C.G.A § 51-12-5.1.

40.  As a proximate result of Defendants' conduct, MSI has suffered and will suffer immediate and irreparable injury not compensable by money damages, such that preliminary and permanent injunctions should issue against Defendants. Unless restrained by this Court, Defendants will continue the acts herein complained of.

## FOURTH CLAIM FOR RELIEF

### (Common Law Unfair Competition)

41.  MSI realleges each and every allegation set forth in paragraphs 1 through 27, inclusive, and incorporates them herein by this reference.

42.  The foregoing acts and conduct of Defendants constitute unfair competition under Georgia common law.

43. Defendants' acts have caused damage to MSI, including incidental and general damages, lost profits, and out-of-pocket expenses in an amount to be determined, and irreparable harm to MSI. Moreover, Defendants' conduct has caused and unless enjoined by this Court will continue to cause significant harm to MSI's reputation and goodwill which MSI has established through years of effort and expense, for which irreparable injury MSI has no adequate remedy at law.

44. Defendants' conduct was and is willful, with malice, fraud, wantonness, and oppression, and with conscious indifference to the consequences of their actions. As a result, MSI is entitled to punitive damages under Georgia law, O.C.G.A § 51-12-5.1.

45. As a proximate result of Defendants' conduct, MSI has suffered and will suffer immediate and irreparable injury not compensable by money damages, such that preliminary and permanent injunctions should issue against Defendants. Unless restrained by this Court, Defendants will continue the acts herein complained of.

## FIFTH CLAIM FOR RELIEF

**(Deceptive Trade Practices – O.C.G.A. § 10-1-372 et seq.)**

46. MSI realleges each and every allegation set forth in paragraphs 1 through 27, inclusive, and incorporates them herein by this reference.

47. The foregoing acts and conduct of Defendants constitute deceptive trade practices in violation of Georgia law, O.C.G.A § 10-1-372 *et seq.*

48. Defendants' acts have caused damage to MSI, including incidental and general damages, lost profits, and out-of-pocket expenses in an amount to be determined, and irreparable harm to MSI. Moreover, Defendants' conduct has caused and unless enjoined by this Court will continue to cause significant harm to MSI's reputation and goodwill which MSI has established through years of effort and expense, for which irreparable injury MSI has no adequate remedy at law.

49. Defendants' conduct was and is willful, with malice, fraud, wantonness, and oppression, and with conscious indifference to the consequences of their actions. As a result, MSI is entitled to punitive damages under Georgia law, O.C.G.A § 51-12-5.1.

50. As a proximate result of Defendants' conduct, MSI has suffered and will suffer immediate and irreparable injury not compensable by money damages, such that preliminary and permanent injunctions should issue against Defendants. Unless restrained by this Court, Defendants will continue the acts herein complained of.

## SIXTH CLAIM FOR RELIEF

## (Unfair Competition – O.C.G.A. § 23-2-55)

51. MSI realleges each and every allegation set forth in paragraphs 1 through 27, inclusive, and incorporates them herein by this reference.

52. The foregoing acts and conduct of Defendants constitute unfair competition in violation of O.C.G.A. § 23-2-55.

53. Defendants' acts have caused damage to MSI, including incidental and general damages, lost profits, and out-of-pocket expenses in an amount to be determined, and irreparable harm to MSI. Moreover, Defendants' conduct has caused and unless enjoined by this Court will continue to cause significant harm to MSI's reputation and goodwill which MSI has established through years of effort and expense, for which irreparable injury MSI has no adequate remedy at law.

54. Defendants' conduct was and is willful, with malice, fraud, wantonness, and oppression, and with conscious indifference to the consequences of their actions. As a result, MSI is entitled to punitive damages under Georgia law, O.C.G.A § 51-12-5.1.

55. As a proximate result of Defendants' conduct, MSI has suffered and will suffer immediate and irreparable injury not compensable by money damages, such that preliminary and permanent injunctions should issue against Defendants.

Unless restrained by this Court, Defendants will continue the acts herein complained of.

## PRAYER FOR RELIEF

WHEREFORE, MSI prays for judgment against Defendants as follows:

1. That Defendants' conduct constitutes trademark infringement, unfair competition, and deceptive trade practices under the Lanham Act and Georgia law, as alleged above;

2. That Defendants, their members, officers, directors, agents, servants, employees, and all persons and entities in active concert or participation with them, or any of them, be preliminarily and permanently enjoined and restrained from infringing or otherwise using MSI's trademarks, including the trademarks discussed above, or any confusingly similar marks;

3. That Defendants be required to forthwith deliver to MSI for destruction any and all merchandise or other items in their possession, custody, or control that would otherwise violate the aforesaid injunction;

4. That Defendants be further required to deliver to MSI for destruction any and all boxes, containers, labels, signs, prints, packages, wrappers, advertising, promotional and other material in their possession, custody or control displaying or

promoting any merchandise or other items bearing or incorporating MSI's marks or any confusingly similar marks;

5. That Defendants account for all profits realized as a consequence of their unlawful acts of deliberate and intentional trademark infringement and unfair competition, as alleged herein, and that the amount of profits realized by Defendants by reason of their unlawful acts be trebled, as provided by law pursuant to Section 35 of the Lanham Act, 15 U.S.C. § 1117;

6. That MSI be awarded damages in the full amount MSI has sustained as a consequence of Defendants' acts, trebled where provided by law, pursuant to Section 35 of the Lanham Act, 15 U.S.C. § 1117 and Georgia law;

7. That MSI recover from Defendants reasonable attorneys' fees, costs, and disbursements in this action pursuant to 15 U.S.C. § 1117, Georgia law O.C.G.A § 10-1-373, or otherwise;

8. That this case be deemed "exceptional" under the Lanham Act;

9. For damages, lost profits or other monetary amounts that are available under Georgia law;

10. For exemplary or punitive damages, including under O.C.G.A. § 51-12-5.1;

-19-

11. That any monetary award include pre- and post-judgment interest at the highest rate allowed by law;

12. For costs of suit; and

13. For such other and further relief as the Court may deem just and proper.

## **JURY DEMAND**

MSI requests a trial by jury as to all issues triable to a jury.

Dated:  December 24, 2022          KHAYAT LAW FIRM


By: /s/ *Robert C. Khayat, Jr.*
       Robert C. Khayat, Jr.
Georgia Bar No. 416981

75 Fourteenth Street, N.E.,
Suite 2750
Atlanta, Georgia 30309
Email:  rhkayat@kharatlawfirm.com

Attorneys for Plaintiff
M S INTERNATIONAL, INC.
(Pro Hac Vice Application
Forthcoming)
CA State Bar No. 145016
Marcel Budiono
(Pro Hac Vice Application
Forthcoming)
CA State Bar No. 329096
18575 Jamboree Road, 9th Floor
Irvine, California 92612
Telephone: (714) 641-5100
Facsimile: (714) 546-9035
Email:  roines@rutan.com
Email:  mbudiono@rutan.com

Attorneys for Plaintiff
M S INTERNATIONAL, INC.